IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT TOWNSEND, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-00687-JPG |
| ) | |
| USA, ) | |
| U.S. ATT. OFFICE, ) | |
| SARAH SEBERGER, ) | |
| TANNER JACOBS, ) | |
| and ANTHONY WRIGHT, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court for consideration of the Amended Complaint (Doc. 7), Second Amended Complaint (Doc. 11), Motion for Miscellaneous Relief (Doc. 16), and Motion for Official Complaint (Doc. 17) filed by Plaintiff Robert Townsend. In each, Townsend vaguely refers to a criminal indictment and/or conviction. He also sets forth a list of various statutes, cases, and constitutional amendments without providing any context for them. A generous reading of these documents suggests that Townsend wishes to challenge his criminal indictment and/or conviction on constitutional grounds that include, but are not limited to, the ineffective assistance of his counsel. (Docs. 7, 11, 16, and 17).

These documents are now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

1

dismissed. 28 U.S.C. § 1915A(b). The factual allegations in a *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Documents 7, 11, 16, and 17 do not constitute a properly filed complaint under 42 U.S.C. § 1983, whether considered separately or together. None of the documents include a statement of claim describing the act or omission of any defendant that resulted in a violation of the plaintiff's rights under federal law. *See* FED. R. CIV. P. 8(a)(2) (requiring a "short and plain statement of the claim"). There is also no request for relief. *See* FED. R. CIV. P. 8(a)(3) (requiring "a demand for the relief sought"). The documents lack the facts necessary to articulate any claim for relief.

Townsend's original Complaint was dismissed for the same reasons. (*See* Docs. 1 and 4). Pursuant to an Order Dismissing Complaint dated April 18, 2022, Townsend was required to file a proper civil rights complaint on or before May 9, 2022, if he intended to proceed with this Section 1983 suit. He responded by filing four documents (Docs. 7, 11, 16, and 17), but only one was filed before the deadline, *i.e.*, First Amended Complaint (Doc. 7).

The Court must evaluate the substance of Townsend's First Amended Complaint to determine if he has brought it under the correct statute. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). If a prisoner is seeking money damages for violations of his constitutional rights by state actors, then Section 1983 provides the proper avenue to relief. 42 U.S.C. § 1983. Townsend does not identify any constitutional deprivations committed by a named defendant, and he does not request money damages or any other relief that would be available under Section 1983.

He instead challenges his criminal indictment or conviction or both. A challenge to his indictment must be made in his criminal proceeding or in a direct appeal. *See United States v. Torres*, 191 F.3d 799, 805 (7th Cir. 1999). "A defendant may first challenge the sufficiency of an

indictment at any time during the pendency of proceedings, including an appeal." *See United States v. Anderson*, 280 F.3d 1121, 1124 (7th Cir. 2002) (citing FED. R. CRIM. P. 12(b)(2)). Once a criminal indictment has been challenged in a trial court, "it is immune from attack unless it is so obviously defective as not to charge the offense by any reasonable construction." *Id*. (quoting *United States v. Smith*, 223 F.3d 554, 571 (7th Cir. 2000)). Moreover, a late challenge to the validity of an indictment will be "construed liberally in favor of validity." *Id*. (quoting *Smith*, 223 F.3d at 306 n.3). Put differently, Townsend should bring his challenge to the indictment in the pending criminal action or in a direct appeal—and do so in a timely manner. Section 1983 provides Townsend with no avenue to this relief.

If Townsend instead seeks to challenge his conviction, he may file a petition for a writ of habeas corpus. A habeas petition provides the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If he was convicted in state court, Townsend may challenge his conviction and seek release from custody by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal court, after first exhausting his state court remedies. If he was convicted in federal court, Townsend may file a federal habeas petition under 28 U.S.C. § 2241. The Clerk of Court will provide Townsend with blank form Petitions for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and § 2254.

The Court notes that Townsend has filed nearly parallel actions in this Court. *See Townsend v. Seberger, et al.*, Case No. 22-cv-00686-JPG (S.D. Ill. filed April 8, 2022). Case No. 22-cv-686 appears to focus on a challenge to his indictment, while Case No. 22-cv-687 appears to focus on his conviction.

Regardless, the First Amended Complaint (Doc. 7) does not survive review under Section 1915A and shall be dismissed for failure to state a claim upon which relief may be granted. The Second Amended Complaint (Doc. 11) shall be dismissed without prejudice, consistent with the Court's prior warning to this effect. (*See* Doc. 12) (Townsend "is WARNED that his failure to provide written notice of his intentions for these documents by the deadline shall result in their dismissal without prejudice."). The other two motions (Docs. 16 and 17) shall be denied. Because Townsend cannot proceed with his claims herein, this Section 1983 action shall be dismissed with prejudice. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing Section 1983 claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (court should not recharacterize declaratory judgment action as habeas petition).

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 7) and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. This dismissal does not preclude Townsend from challenging his indictment and/or conviction in his pending criminal case, a direct appeal, a petition for post-conviction relief, or a petition for writ of habeas corpus. The Clerk of Court is **DIRECTED** to **SEND** Townsend blank form Petitions for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and § 2254.

Because this case is dismissed for failure to state a claim, Townsend is **ADVISED** that this dismissal counts as one or his three allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that the Second Amended Complaint (Doc. 11) is **DISMISSED** without prejudice to refiling as a separate action, and the Motion for Miscellaneous Relief (Doc. 16) and Motion for Official Complaint (Doc. 17) are **DENIED**.

Townsend is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Townsend wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Townsend does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Townsend may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 6/29/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**